ROBBINS GELLER RUDMAN
  & DOWD LLP
NICOLLE BRITO (333130)
STUART A. DAVIDSON (*pro hac vice* forthcoming)
ALEXANDER C. COHEN (*pro hac vice* forthcoming)
ANNY MARTIN (*pro hac vice* forthcoming)
225 NE Mizner Boulevard, Suite 720
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
nbrito@rgrdlaw.com
sdavidson@rgrdlaw.com
acohen@rgrdlaw.com
amartin@rgrdlaw.com

Attorneys for Plaintiff

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HENRY CARTER, Individually and on Behalf of All Others Similarly Situated, <br><br>                             Plaintiff, <br><br>     vs. <br><br> ARLO TECHNOLOGIES, INC., <br><br>                            Defendant. | Case No. <br><br> **CLASS ACTION COMPLAINT FOR:** <br> (1)  Violations of the California Consumers Legal Remedies Act; <br> (2)  Violations of the California False Advertising Law; <br> (3)  Violations of the California Unfair Competition Law; <br> (4)  Breach of Contract; <br> (5)  Unjust Enrichment; and <br> (6)  Declaratory and Injunctive Relief <br><br> **DEMAND FOR JURY TRIAL** |

1    Plaintiff Henry Carter ("Plaintiff"), individually and on behalf of all others similarly

2  situated, by and through his undersigned attorneys, brings this Class Action Complaint against

3  Defendant Arlo Technologies, Inc. ("Arlo" or "Defendant"). Plaintiff alleges the following based

4  upon personal knowledge, as well as investigation by his counsel as to himself, and as to all other

5  matters, upon information and belief. Plaintiff believes that substantial evidentiary support will

6  exist for the allegations set forth herein after a reasonable opportunity for discovery.

7                              **NATURE OF THE ACTION**

8    1.    Reasonable consumers trust manufacturers to sell products and honor the product

9  terms as represented at the time of purchase.

10    2.    Defendant manufactures, markets, advertises, packages, distributes, and sells

11  camera Products[1] throughout the United States, including in this District.

12    3.    The Products' packaging emphasizes the inclusion of seven days of free cloud

13  storage for camera video recordings ("7-Day Free Cloud Storage"). Defendant highlights this

14  feature in multiple prominent positions on its boxes. The Products' packaging stated the 7-Day

15  Free Cloud Storage feature was "free" and would be provided "without a contract or a monthly

16  fee." The Products' packaging stated that the Products "[i]nclude[d] *rolling* 7-Day cloud

17  recording." These statements and associated omissions were material to Plaintiff when making his

18  purchasing decision.

19

20

21

22

23

24

25

26  ─────────────

    [1]    "Products" collectively refers to all Arlo products advertised with the 7-Day Free Cloud

27  Storage feature, which includes – at least – the following Arlo products: VMC3030 (Gen 3);
    VMC4030 (Pro); ABC1000 (Baby); VMC4030P (Pro2); VMC3040 (Q); VMC3040S (Q+);

28  ALS1101 (Lights); and AAD1001 (Audio Doorbell).

4.      The Packaging statements and associated omissions were in reference to Defendant's "Basic" subscription plan. Until recently, Defendant's website stated the Basic plan costs consumers "$0" and provides "7-Days of Cloud Recordings[.]"[2] Defendant's website further stated that the "Arlo Basic plan . . . never expires!"[3]  Defendant's website also clarified that the "plan is included with every camera, for up to 5 cameras per account."[4]

5.      Reasonable consumers, like Plaintiff, found these features and statements material in deciding to purchase the Products. Further, these statements and associated omissions were material to reasonable consumers, as they were attracted to the Products **specifically** due to the Free 7-Day Cloud Storage feature, which is the primary feature distinguishing the Products from Arlo's competitors' products.

6.      Defendant foresaw that consumers would find these statements and associated omissions material, as shown by its decision to market and advertise that feature in multiple prominent positions on its packaging and website.

7.      Nevertheless, on January 1, 2023, Defendant issued its first-ever iteration of an "End-of-Life Policy" ("EOL Policy"), notifying consumers **who had already purchased the Products** for the first time of the omissions that the 7-Day Free Cloud Storage "may be reduced or unavailable" upon each Product's respective "EOL Effective Date."[5] The EOL Policy lists all EOL effective dates as either April 1, 2023, or January 1, 2024.

---

[2]    Internet Archive, Arlo, Subscription Plans, https://web.archive.org/web/20170606202619/ http://www.arlo.com/en-us/products/subscription-plans.aspx.

[3]    Internet Archive, Arlo, Arlo Pro, https://web.archive.org/web/20170606140233/ http://www.arlo.com/en-us/products/arlo-pro/default.aspx.

[4]    *Id.*

[5]    Arlo, End-of-Life Policy, Arlo, https://downloads.arlo.com/images/PDFs/EOL_Policy/ Arlo_End-of-Life-Policy-2022.pdf (Jan. 1, 2023).

CLASS ACTION COMPLAINT                                                                      - 2

8.    Neither the Products' packaging nor Defendant's marketing and advertisements included any statements informing consumers that they would only have access to 7-Day Free Cloud Storage for a limited time or that this feature would be "reduced" or rendered "unavailable" after their purchase. Rather, the packaging stated that the Products "[i]nclude **rolling** 7-Day cloud recording," "without a contract or a monthly fee," and Defendant's website further stated the feature would "never expire."

9.    Based on the impression given by the representations on and omissions from the Products' packaging and Defendant's marketing and advertisements ("misleading statements"), no reasonable consumer would expect that, after purchasing one of the Products, Defendant would "reduce[]" or make "unavailable" the primary feature that attracted them to the Product in the first place.

10.    Defendant's misleading statements and/or omissions caused reasonable consumers, like Plaintiff, to believe that the 7-Day Free Cloud Storage would "never expire" or, alternatively, would last for the life of the Product.

11.    Defendant's misleading statements and material omissions caused reasonable consumers, like Plaintiff, to (a) pay more for the Products than they otherwise would have paid, or (b) purchase a product they otherwise would not have purchased.

12.    Defendant also breached its contract with Plaintiff and other purchasers of the Products by reneging on its promise of 7-Day Free Cloud Storage, or has been unjustly enriched at Plaintiff's expense.

13.    Plaintiff brings suit against Defendant for its violation of California's consumer protection laws, breach of contract or, alternatively, unjust enrichment, and for declaratory and injunctive relief.

14.    Plaintiff seeks declaratory relief that Defendant has violated California law and that its poorly drafted, ambiguous, and unconscionable arbitration provision in Defendant's Terms of Service ("TOS") is unenforceable.

15.    Plaintiff seeks permanent injunctive relief to enjoin Defendant from: (a) effecting its EOL Policy and reducing or making unavailable the 7-Day Free Cloud Storage feature for the Products; (b) selling the Products until full disclosure of its intentions and/or policy reducing or making unavailable the 7-Day Free Cloud Storage feature appears on all packaging; and (c) selling the Products in any manner suggesting or implying that the cloud storage feature is free, provided without a contract or subscription, provided on a rolling basis, or will never expire. Plaintiff further seeks an affirmative injunction requiring Defendant to engage in a corrective advertising campaign and engage in any further necessary affirmative injunctive relief as the Court deems proper.

## JURISDICTION AND VENUE

16.    This Court has original jurisdiction over all causes of action asserted herein under the Class Action Fairness Act, 28 U.S.C. §1332(d)(2), because the matter in controversy exceeds the sum or value or $5,000,000 exclusive of interest and costs and more than two-thirds of the Class (defined herein) resides in states other than the state in which Defendant is a citizen and in which this case is filed, and therefore any exemptions to jurisdiction under 28 U.S.C. §1332(d)(2) do not apply.

17.    Venue is proper in this Court over all causes of action asserted herein under Defendant's TOS which identify the Northern District of California as having exclusive jurisdiction and venue for any dispute between parties not subject to arbitration.

18.    Venue is proper in this Court pursuant to 28 U.S.C. §1391, because many of the acts and transactions giving rise to this action occurred in this District, Defendant conducts substantial business and is headquartered in this District, Defendant has intentionally availed itself of the laws and markets of this District, and Defendant resides in and is subject to personal jurisdiction in this District.

1    19.    Venue is proper in this Court despite the inclusion of an arbitration clause in

2    Defendant's TOS because it provides that "for any dispute between the parties that is not subject

3    to arbitration, the parties consent to exclusive jurisdiction and venue in the United States Federal

4    Courts located in the Northern District of California."[6]

5                                    **THE PARTIES**

6    20.    Plaintiff Henry Carter is a resident and citizen of the state of Texas. On July 21,

7    2020, Plaintiff paid $353.71 to purchase a set of the Products from Amazon, specifically described

8    as "Arlo Pro – Wireless Home Security Camera System with Siren | Rechargeable, Night vision,

9    Indoor/Outdoor, HD Video, 2-Way Audio, Wall Mount | Cloud Storage Included | 3 camera kit

10    (VMS4330)."

11    21.    The Products' packaging looked as follows:



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





22.     Plaintiff found these statements to be material and purchased the Products primarily because of the 7-Day Free Cloud Storage offered by Defendant. Had Plaintiff known Defendant would "reduce[]" or make "unavailable" this feature, he would not have purchased nor paid a premium price for the Products. Plaintiff would be willing to purchase Defendant's products in the future if he could be certain Defendant would honor the 7-Day Free Cloud Storage feature in place at the time of his purchase.

23.     As the result of Defendant's negligent, reckless, and/or knowingly deceptive conduct alleged herein, Plaintiff was injured when he purchased and/or paid a premium price for the Products and the Products were changed to deliver less than what was promised or otherwise omitted to inform Plaintiff that the benefits would end at Defendant's discretion. Plaintiff paid the purchase price on the reasonable assumption the statements on and the associated omissions with the packaging were accurate and that the 7-Day Free Cloud Storage feature would be available and accessible to him on a rolling basis and without a contract or subscription, as represented, throughout the Products' life. Plaintiff would not have paid this money had he known Defendant would unilaterally "reduce[] or [make] unavailable" the 7-Day Free Cloud Storage feature. Further, should Plaintiff encounter the Products in the future, he could not rely on the truthfulness of the packaging or advertising of this or other features, absent corrective changes to the packaging and advertising of the Products. Damages can be calculated through expert testimony at trial.

24.     Defendant Arlo Technologies, Inc. was founded in New Jersey, is incorporated in Delaware, and has headquarters in Milpitas, California.[7] Defendant's current TOS states, "For all purposes of this Agreement, for any dispute between the parties that is not subject to arbitration, the parties consent to exclusive jurisdiction and venue in the United States Federal Courts located in the Northern District of California."[8]  Defendant has intentionally availed itself of the laws and markets of this District, and Defendant resides in and is subject to personal jurisdiction in this District.

25.     Defendant has developed, manufactured, labeled, distributed, marketed, advertised, and sold the Products throughout the United States, including in this District. It has done so continuously throughout the Class Period (November 1, 2014, to present). Defendant knowingly created, allowed, oversaw, and/or authorized the unlawful, fraudulent, unfair, misleading, and/or deceptive packaging and related marketing for the Products that did not disclose that the 7-Day Cloud Storage feature would be changed or revoked after purchase.

26.     Plaintiff found the material representations on and omissions from the Products' misleading packaging to be material, all of which was prepared, reviewed, and/or approved by Defendant and its agents at its headquarters in California and disseminated by Defendant and its agents. The representations and omissions were material, such that a reasonable consumer would consider them in purchasing the Products.

27.     Defendant's Products are divided into the following categories: cameras, doorbells, and floodlights.

28.     The Products, at a minimum, include:

(a)     **Gen 3 (VMC3030):**

---

[7]    Defendant's most recent Corporate Statement of Information, filed with the California Secretary of State, indicates that Defendant's street address, mailing address, principal executive office, and Chief Financial Officer are all based in Milpitas, California. *See* https://bizfileonline. sos.ca.gov/search/business.

[8]    *See supra* note 6. The TOS expressly exclude from arbitration "the right to institute an action in a court of proper jurisdiction for injunctive or other equitable relief[.]"  *Id.*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



(b)    **Pro (VMC4030):**



(c)    **Baby (ABC1000):**



ARLO BABY

(d)    **Pro 2 (VMC4030P):**

ARLO PRO 2

(e)    **Q (VMC3040):**



(f)    **Q+ (VMC3040S):**



1             (g)    **Lights (ALS1101):**



ARLO SECURITY
LIGHT

            (h)    **Audio Doorbell (AAD1001):**

ARLO AUDIO
DOORBELL

.

## FACTUAL ALLEGATIONS

29.    Defendant packaged and advertised each of the Products with material statements and omissions that they included 7-Day Free Cloud Storage that would be provided on a rolling basis and would never expire.

1         (a)    **Arlo Gen 3 (VMC3030)**'s packaging stated, at least, "Free Cloud Storage:

2 store and review recent activity with cloud storage."[9] Defendant's website further stated, "Free

3 App & Cloud Storage," and "Use the Arlo app to check in from anywhere. Or rewind up to 1GB

4 of free cloud recordings to see activity you missed."[10]

5         (b)    **Arlo Pro (VMC4030)**'s packaging stated, at least, "FREE Cloud

6 Recordings: View, download & share cloud recordings from past 7-Days for free."[11] Further,

7 Defendant's website stated, "Keep 7-Days of motion- and audio-triggered recordings for free,"

8 and "Why commit to a long-term contract or pay expensive monthly subscription fees? Arlo can

9 save you hundreds of dollars a year. The Arlo Basic plan gives you access to motion- and audio-

10 triggered recordings from the past 7-Days. And the plan never expires!  The Arlo Basic plan is

11 included with every camera, for up to 5 cameras per account."[12]

12         (c)    **Arlo Baby (ABC1000)**'s packaging stated, at least, "Your Arlo camera

13 comes with rolling 7-Days of cloud recording."[13] Further, Defendant's website stated, "The Arlo

14 Basic plan gives you access to motion- and audio-triggered recordings from the past 7-Days for

15 free. And the plan never expires! The Arlo Basic plan is included with every camera, for up to 5

16 cameras per account."[14]

17

18

19

---

20 [9]   randomrazer, *Best Consumer Friendly Security Camera?*, YOUTUBE, https://www.youtube.com/watch?v=tq1FvhPoBZY, at 00:00:57 (last visited Feb. 2, 2023).

21
22 [10]   Internet Archive, ARLO, Arlo Add-on HD Security Camera (VC3030), https://web.archive.org/web/20160402150455/http://www.arlo.com/en-us/products/add-on/vmc3030.aspx.

23
24 [11]   onourshelf, *Arlo Pro Unboxing*, YOUTUBE, https://www.youtube.com/watch?v=wN6seYIJNx0, at 00:00:23 (last visited Feb. 2, 2023).

25 [12]   Internet Archive, *supra* note 3.

26 [13]   Arlo Baby Wireless Monitoring Camera, EBAY, https://tinyurl.com/4u9k6j5u (last visited Feb. 2, 2023).

27 [14]   Internet Archive, ARLO, Smart Features Overview, https://web.archive.org/web/20170606164021/http://arlo.com/en-us/products/arlo-baby/default.aspx.
28

1        (d)    **Arlo Pro2 (VMC4030P)**'s packaging stated, at least, "Includes Cloud

2  Recording,"[15] and "FREE Cloud Recording."[16] Further, Defendant's website stated, "Arlo Pro 2

3  comes with Arlo Basic service that lets you keep the past 7-Days of motion- and sound-triggered

4  recordings, for up to 5 cameras," and "Why commit to a long-term contract or pay expensive

5  monthly subscription fees? Arlo can save you hundreds of dollars a year. The Arlo Basic plan

6  gives you access to motion- and audio-triggered recordings from the past 7-Days. And the plan

7  never expires! The Arlo Basic plan is included with every camera, for up to 5 cameras per

8  account."[17] Finally, Arlo Pro2's ***current*** listing on Amazon states, "7-Days of free cloud

9  recordings pro comes with recurring 7-Days free cloud recordings. Live stream or view recorded

10  video and audio for up to 7-Days."[18]

11        (e)    **Arlo Q (VMC3040)**'s packaging stated, at least, "7-Days of FREE cloud

12  recordings."[19] Further, Defendant's website stated, "Keep 7-Days of motion- and audio-triggered

13  recordings for free" and "Why commit to a long-term contract or pay expensive monthly

14  subscription fees? Arlo can save you hundreds of dollars a year. The Arlo Basic plan gives you

15  access to motion- and audio-triggered recordings from the past 7-Days. And the plan never expires!

16  The Arlo Basic plan is included with every camera, for up to 5 cameras per account."[20]

---

[15]  Arlo Pro 2, NEWEGG, https://www.newegg.com/arlo-vms4120p-100nas-wireless-camera/p/N82E16881524028 (last visited Feb. 1, 2023).

[16]  Nicolas Calderone, *Arlo Pro 2 Smart Security System by Netgear*, MACSOURCES (Feb. 18, 2018), https://macsources.com/arlo-pro-2-smart-security-system-by-netgear-review/.

[17]  Internet Archive, ARLO, Arlo Pro 2, https://web.archive.org/web/20190306205625/https://www.arlo.com/en-us/products/arlo-pro-2/default.aspx.

[18]  Arlo VMS4230P-100NAS Pro 2 – Wireless Home Security Camera System, AMAZON, https://tinyurl.com/57366jw4 (last visited Feb. 2, 2023).

[19]  SEOMarketing, *Netgear Arlo Q Security Camera With Night Vision Unboxing*, YOUTUBE (Jan. 30, 2016), https://www.youtube.com/watch?v=YoU0AMJmv3I, at 00:00:35.

[20]  Internet Archive, ARLO, Smart Features Overview, https://web.archive.org/web/20170606053400/http://www.arlo.com/en-us/products/arlo-q/default.aspx.

CLASS ACTION COMPLAINT           - 14 -

(f)  **Arlo Q+ (VMC3040S)**'s packaging stated, at least, "With Rolling 7-days FREE Cloud Recordings."[21] Further, Defendant's website stated, "Keep 7-Days of motion- and audio-triggered recordings for free," and "Why commit to a long-term contract or pay expensive monthly subscription fees? Arlo can save you hundreds of dollars a year. The Arlo Basic plan gives you access to motion- and audio-triggered recordings from the past 7-Days. And the plan never expires! The Arlo Basic plan is included with every camera, for up to 5 cameras per account."[22]

(g)  **Arlo Audio Doorbell (AAD1001)**'s packaging stated, at least, "Includes Cloud Recording."[23] Further, Defendant's website stated, "Includes rolling 7-day cloud recording."[24]

30.  Defendant did not include any disclosures or disclaimers on its packaging or in its advertisements of its intentions and/or policy reducing or making unavailable the 7-Day Free Cloud Storage feature after consumers purchased the Products.

31.  The representations and omissions are material to reasonable consumers, as 7-Day Free Cloud Storage is the primary feature of Arlo's Products.

32.  Reasonable consumers, like Plaintiff, read and relied on Defendant's representations and omissions when purchasing the Products.

33.  Had reasonable consumers, like Plaintiff, known that Defendant misrepresented the availability of the 7-Day Free Cloud Storage feature after purchase and omitted from its packaging and advertising its intentions and policy reducing or making that feature unavailable, they would not have purchased the Products.

---

[21]  Densyo, *Arlo Q Plus Review Smart Home Security Camera That Is Worth* It, YOUTUBE, https://www.youtube.com/watch?v=SHAQWuTlZI8, at 00:02:35 (last visited Feb. 2, 2023).

[22]  Internet Archive, ARLO, *Smart Features Overview*, https://web.archive.org/web/20170606030757/http://www.arlo.com/en-us/products/arlo-q-plus/default.aspx.

[23]  Arlo Smart Home Pro HD Camera Plus Audio Doorbell and Chime System, EBAY, https://tinyurl.com/3ys59vjj (last visited Feb. 2, 2023).

[24]  Internet Archive, ARLO, The smarter, faster way to answer your door, https://web.archive.org/web/20190401024406/https://www.arlo.com/en-us/products/arlo-doorbell/default.aspx.

34.     Reasonable consumers, like Plaintiff, expected 7-Day Free Cloud Storage to "never expire" or, alternatively, to last for the life of the Product.

35.     Reasonable consumers, like Plaintiff, paid a premium price for 7-Day Free Cloud Storage that would "never expire" or, alternatively, would last for the life of the Product.

36.     After reasonable consumers, like Plaintiff, purchased the Products, Defendant published its EOL Policy, stating that it would reduce or end the 7-Day Free Cloud Storage feature for the Products.

**Defendant's Misrepresentations and Omissions Violate California Laws**

37.     California law is designed to ensure that a company's claims about its products are truthful and accurate.

38.     Defendant violated California law by negligently, recklessly, and/or intentionally incorrectly claiming that cloud storage was "included" in the Products for "free," on a "rolling" basis, "without a contract or a monthly fee," and that it would "never expire[]!"

39.     Defendant has engaged in this long-term advertising campaign omitting any mention to the EOL Policy or any other policy that would reduce or make unavailable the 7-Day Free Cloud Storage feature, which was its primary selling point.

**CLASS ACTION ALLEGATIONS**

40.     Plaintiff brings this action individually and on behalf of the following Class pursuant to Rule 23(a), (b)(2)-(3), and (c)(4) of the Federal Rules of Civil Procedure:

> All persons who, from November 1, 2014 to the present, purchased the Products for household or business use, and not for resale ("Class").

Excluded from the Class are Defendant, any parent companies, subsidiaries, and/or affiliates, officers, directors, legal representatives, employees, co-conspirators, all governmental entities, and any judge, justice, or judicial officer presiding over this matter.

41.     This action is brought and may be properly maintained as a class action. There is a well-defined community of interests in this litigation, and the members of the Class are easily ascertainable.

42.    The members of the proposed Class are so numerous that individual joinder of all members is impracticable, and the disposition of the claims of all Class members in a single action will provide substantial benefits to the parties and the Court.

43.    Questions of law and fact common to Plaintiff and the Class include, but are not limited to, the following:

(a)    whether Defendant's packaging is false, deceptive, and misleading based on the misrepresentations and omissions;

(b)    whether Defendant's misrepresentations and omissions are material to reasonable consumers;

(c)    whether the inclusion of a policy that reduces or makes unavailable the 7-Day Free Cloud Storage feature is material to a reasonable consumer;

(d)    whether Defendant's misrepresentations and omissions are likely to deceive reasonable consumers;

(e)    whether Defendant had knowledge that the misrepresentations and omissions were material and false, deceptive, and misleading;

(f)    whether Defendant engaged in unfair trade practices;

(g)    whether Defendant engaged in false advertising;

(h)    whether Defendant breached a contract with Plaintiff and the Class when it reneged on its promise to provide 7-Day Free Cloud Storage;

(i)    whether Defendant has been unjustly enriched at Plaintiff's expense by reneged on its promise to provide 7-Day Free Cloud Storage;

(j)    whether Plaintiff and the Class are entitled to a declaratory judgment that Defendant's arbitration clause in its TOS is unconscionable and unenforceable;

(k)    whether Plaintiff and the Class are entitled to a permanent injunction to stop Defendant from violating of California law; and

(l)    the measure and amount of damages to which Plaintiff and the Class are entitled.

44.     Defendant engaged in a common course of conduct giving rise to the legal rights sought to be enforced by Plaintiff individually and on behalf of the other members of the Class. Identical statutory violations and business practices and harms are involved. Individual questions, if any, are not prevalent in comparison to the numerous common questions that dominate this action.

45.     Plaintiff's claims are typical of those of the members of the Class in that they are based on the same underlying facts, events, and circumstances relating to Defendant's conduct.

46.     Plaintiff will fairly and adequately represent and protect the interests of the Class, has no interests incompatible with the interests of the Class, and has retained counsel competent and experienced in class action, consumer protection, and false advertising litigation.

47.     Class treatment is superior to other options for resolution of the controversy because the relief sought for each member of the Class is small such that, absent representative litigation, it would be infeasible for members of the Class to redress the wrongs done to them.

48.     Questions of law and fact common to the Class predominate over any questions affecting only individual members of the Classes.

49.     As a result of the foregoing, class treatment is appropriate.

**COUNT I**

**(Violations of California's Consumers Legal Remedies Act,
Cal. Civ. Code §1750, *et seq.*)**

50.     Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

51.     Plaintiff and each proposed Class member are a "consumer," as that term is defined in California Civil Code §1761(d).

52.     The Products are "goods," as that term is defined in California Civil Code §1761(a).

53.     Defendant is a "person" as that term is defined in California Civil Code §1761(c).

54.     Plaintiff and each proposed Class member's purchase of Defendant's Products constituted a "transaction" as that term is defined in California Civil Code §1761(e).

55.    Defendant's conduct alleged herein violates at least the following provisions of California's Consumers Legal Remedies Act ("CLRA"):

(a)    California Civil Code §1770(a)(5), by failing to make any mention of a policy that would reduce or make unavailable the 7-Day Free Cloud Storage feature;

(b)    California Civil Code §1770(a)(7), by knowingly, recklessly, and/or intentionally representing that the Products included 7-Day Free Cloud Storage; and

(c)    California Civil Code §1770(a)(9), by knowingly, recklessly, and/or intentionally advertising the Products with intent not to sell them as advertised.

56.    Defendant's misrepresentations and omissions were material, as reasonable consumers such as Plaintiff and the Class would deem the reduction or unavailability of 7-Day Free Cloud Storage important in determining whether to purchase the Products.

57.    Defendant was obligated to disclose any policy that would reduce or make unavailable the 7-Day Free Cloud Storage feature because:

(a)    Defendant had exclusive knowledge of this feature limitation and it was not known or reasonably accessible to Plaintiff and the Class;

(b)    Defendant actively concealed its intentions and/or policy for reducing or making unavailable the 7-Day Free Cloud Storage feature from Plaintiff and the Class; and

(c)    Defendant made partial statements on the Products' packaging that gave a misleading impression to reasonable consumers without further information because a policy that would reduce or make unavailable the 7-Day Free Cloud Storage feature had not been disclosed.

58.    Plaintiff and the Class relied upon the information supplied to them by Defendant's packaging as to the Products' features and the availability of those features after purchase.

59.    As a direct and proximate result of these violations, Plaintiff and the Class have been or are at an imminent risk of being harmed, and that harm will continue unless Defendant is enjoined from using the misleading marketing described herein in any manner in connection with the advertising and sale of the Products.

60.     On February 6, 2023, counsel for Plaintiff and the Class sent Defendant written notice (via United States certified mail, return receipt requested) that their conduct is in violation of the CLRA.

61.     If Defendant fails to provide appropriate monetary relief for its violations of the CLRA §1770(a)(5), (7), and (9) within 30 days of receipt of Plaintiff's notice, in accordance with CLRA §1782(b), Plaintiff and the Class will amend this complaint to assert their entitlement, under CLRA §1780, to recover and obtain the following relief: (a) actual damages under CLRA §1780(a)(1); (b) restitution of property under CLRA §1780(a)(3); (c) punitive damages under CLRA §1780(a)(4); and (d) any other relief the Court deems proper under CLRA §1780(a)(5).

62.     For now, pursuant to CLRA §1782(d), Plaintiff seeks an order enjoining the above-described wrongful acts and practices of Defendant and for restitution and disgorgement.

63.     Pursuant to CLRA §1780(d), Plaintiff has prepared and attached an affidavit stating facts showing that this action has been commenced in a county described as a proper place for the trial. *See* **Exhibit A**.

64.     Plaintiff seeks an award of attorneys' fees pursuant to, *inter alia*, California Civil Code §1780(e) and California Code of Civil Procedure §1021.5.

## COUNT II

### (Violations of California False Advertising Law, California Business & Professions Code §17500, *et seq.*)

65.     Plaintiff incorporates by reference and realleges each and every allegation contained above in paragraphs 1 through 49, as though fully set forth herein.

66.     California's False Advertising Law prohibits any statement or omission in connection with the sale of goods "which is untrue or misleading." Cal. Bus. & Prof. Code §17500.

67.     As set forth herein, Defendant's failure to disclose any policy that would reduce or make unavailable the 7-Day Free Cloud Storage feature is likely to deceive the public.

1    68.    Defendant knew that it had promised to Plaintiff and the Class to provide 7-Day

2 Free Cloud Storage, but would eventually renege on that promise. Defendant had a duty to disclose

3 its intentions and/or policy reducing or making unavailable the 7-Day Free Cloud Storage feature

4 and, by omitting that information, misled consumers.

5    69.    Defendant knew or reasonably should have known that these representations and

6 omissions were material and misleading.

7    70.    Defendant's conduct is ongoing and continuing, such that prospective injunctive

8 relief is necessary, especially given Plaintiff's desire to purchase these Products in the future if

9 they can be assured that the Products are as advertised truthfully.

10    71.    Plaintiff and the members of the Class are entitled to injunctive and equitable relief,

11 and restitution in the amount they spent on the Products.

12
                                **COUNT III**
13
                    **(Violations of the Unfair Competition Law,**
14              **California Business & Professions Code §17200, *et seq.*)**

15    72.    Plaintiff incorporates by reference and realleges each and every allegation

16 contained above in paragraphs 1 through 49, as though fully set forth herein.

17    73.    The Unfair Competition Law ("UCL") prohibits any "unlawful, unfair or fraudulent

18 business act or practice[.]"  Cal. Bus. & Prof. Code §17200.

19    **A.    Fraudulent**

20    74.    Defendant's failure to disclose any policy that would reduce or make unavailable

21 the 7-Day Free Cloud Storage feature is likely to deceive the public.

22    **B.    Unlawful**

23    75.    As alleged herein, Defendant's failure to disclose any policy that would reduce or

24 make unavailable the 7-Day Free Cloud Storage feature violates at least the following laws:

25        (a)    the CLRA, California Business & Professions Code §1750, *et seq.*; and

26        (b)    the False Advertising Law, California Business & Professions Code

27 §17500, *et seq.*

28

CLASS ACTION COMPLAINT                                                                    - 21 -

**C.     Unfair**

76.     Defendant's conduct with respect to the packaging and sale of the Products is unfair because Defendant's conduct was immoral, unethical, unscrupulous, or substantially injurious to consumers and the utility of their conduct, if any, does not outweigh the gravity of the harm to consumers.

77.     Defendant's conduct with respect to the packaging and sale of the Products is also unfair because it violates public policy as declared by specific constitutional, statutory, or regulatory provisions, including, but not limited to, the False Advertising Law.

78.     Defendant's conduct with respect to the packaging and sale of the Products is also unfair because the consumer injury is substantial, not outweighed by benefits to consumers or competition, and not one that consumers, themselves, can reasonably avoid.

79.     Defendant was obligated to disclose that it would reduce or make unavailable the 7-Day Free Cloud Storage feature because:

(a)     Defendant had exclusive knowledge of its intentions and/or policy reducing or making unavailable the 7-Day Free Cloud Storage feature, and the information was not known or reasonably accessible to Plaintiff and the Class;

(b)     Defendant actively concealed its intentions and/or policy for reducing or making unavailable the 7-Day Free Cloud Storage feature from Plaintiff and the Class; and

(c)     Defendant made partial statements on the Products' packaging that gave a misleading impression to reasonable consumers without further information because Defendant's intentions and/or policy reducing or making unavailable the 7-Day Free Cloud Storage feature had not been disclosed.

80.     Defendant's material omissions of fact were contrary to the representations Defendant made on the Products' packaging.

81.    Plaintiff and the Class believed the Products' packaging provided to them by Defendant and found the statements and associated omissions to be material when making their purchasing decisions. Had Plaintiff and the Class known Defendant failed to disclose its intentions and/or policy reducing or making unavailable the 7-Day Free Cloud Storage feature on its packaging, they would not have purchased the Products.

82.    In accordance with California Business & Professions Code §17203, Plaintiff seeks an order enjoining Defendant from continuing to conduct business through fraudulent or unlawful acts and practices and to commence a corrective advertising campaign. Defendant's conduct is ongoing and continuing, such that prospective injunctive relief is necessary.

83.    On behalf of themselves and the Class, Plaintiff also seeks an order for the restitution and disgorgement of all monies from the sale of the Products, which were unjustly acquired through acts of fraudulent, unfair, or unlawful competition.

**COUNT IV**

**(Breach of Contract)**

84.    Plaintiff incorporates by reference and realleges each and every allegation contained above in paragraphs 1 through 49, as though fully set forth herein.

85.    Defendant's advertisement of 7-Day Free Cloud Storage as a feature of its Products constituted an offer to the public to purchase the Products with the marketed and advertised feature in exchange for the public's payment of money for the Products.

86.    Plaintiff and the members of the Class accepted Defendant's offer to purchase the Products with the 7-Day Free Cloud Storage feature by paying for the Products, and such action constitutes sufficient consideration, thereby forming a binding contract for the sale of the Products with the 7-Day Free Cloud Storage feature as advertised by Defendant.

87.    Defendant breached the contract for the sale of Products entered into between Defendant and Plaintiff and the other members of the Class by unilaterally changing the terms of the contract post-purchase to remove the 7-Day Free Cloud Storage feature.

88.    As a result of Defendant's breach of contract, Plaintiff and the Class have suffered damages.

**COUNT V**

**(Unjust Enrichment, in the Alternative to Count IV)**

89.    Plaintiff incorporates by reference and realleges each and every allegation contained above in paragraphs 1 through 49, as though fully set forth herein.

90.    Plaintiff brings this Count in the alternative to Count IV.

91.    Substantial benefits have been conferred on Defendant by Plaintiff and the Class through the purchase of the Products. Defendant knowingly and willingly accepted and enjoyed these benefits.

92.    Defendant either knew or should have known that the payments rendered by Plaintiff were given and received with the expectation that the 7-Day Free Cloud Storage feature would "never expire" or, alternatively, would last for the life of the Product. As such, it would be inequitable for Defendant to retain the full benefit of the payments under these circumstances.

93.    Defendant was obligated to disclose any policy that would reduce or make unavailable the 7-Day Free Cloud Storage feature because:

(a)    Defendant had exclusive knowledge of its intentions and/or policy reducing or making unavailable the 7-Day Free Cloud Storage feature, and that information was not known or reasonably accessible to Plaintiff and the Class;

(b)    Defendant actively concealed its intentions and/or policy for reducing or making unavailable the 7-Day Free Cloud Storage feature from Plaintiff and the Class; and

(c)    Defendant made partial statements on the Products' packaging that gave a misleading impression to reasonable consumers without further information because its intentions and/or policy reducing or making unavailable the 7-Day Free Cloud Storage feature had not been disclosed.

94.    Defendant's acceptance and retention of the benefits of the payments from Plaintiff and the Class under the circumstances alleged herein make it inequitable for Defendant to retain the full benefits without payment of the value to Plaintiff and the Class.

95.    Plaintiff and the Class are entitled to recover from Defendant all amounts wrongfully collected and improperly retained by Defendant, plus interest thereon.

CLASS ACTION COMPLAINT

- 24 -

1      96.    Plaintiff and the Class have no adequate remedy at law.

2      97.    Plaintiff and the Class seek restitution and disgorgement due to Defendant's unjust

3  enrichment.

4                          **COUNT VI**

5                      **(Permanent Injunction)**

6      98.    Plaintiff incorporates by reference and realleges each and every allegation

7  contained above in paragraphs 1 through 49, as though fully set forth herein.

8      99.    Under CLRA §1782(d), the False Advertising Law, Cal. Bus. & Prof. Code §17535,

9  and the UCL §17203, Plaintiff is entitled to a permanent injunction enjoining Defendant from

10 engaging in the above-described wrongful acts and practices and for restitution and disgorgement.

11     100.   Plaintiff and the Class have suffered and are at an imminent risk of suffering an

12 irreparable injury; *to-wit*: Defendant's decision to end its 7-Day Free Cloud Storage policy and

13 breach its promises to Plaintiff and the Class.

14     101.   Plaintiff and the Class have no adequate remedy at law to compensate them for

15 Defendant's decision to end its 7-Day Free Cloud Storage policy.

16     102.   Considering the balance of the hardships between Plaintiff and the Class on the one

17 hand and Defendant on the other hand, including that Defendant has sole and exclusive control

18 over its 7-Day Free Cloud Storage policy, a remedy in equity is warranted.

19     103.   The public interest would not be disserved by a permanent injunction.

20                          **COUNT VII**

21                      **(Declaratory Relief)**

22     104.   Plaintiff incorporates by reference and realleges each and every allegation

23 contained above in paragraphs 1 through 49, as though fully set forth herein.

24     105.   In connection with the active case and controversy between Plaintiff and

25 Defendant, Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §2201.

26

27

28

CLASS ACTION COMPLAINT

106.    The TOS for Defendant's Products purport to contain an arbitration clause ("Arbitration Agreement") with a class action waiver ("Class Action Waiver"). Plaintiff disputes that such clauses govern Plaintiff's claims in this action, but to the extent they do, an actual controversy has arisen between Plaintiff and Defendant. Additionally, Plaintiff believes that the Arbitration Agreement and Class Action Waiver are void and unenforceable given that they contain or are subject to, at least, the following unconscionable terms and issues:

(a)    competing, conflicting, and unconscionably vague choice-of-law provisions within the TOS rendering the Arbitration Agreement impermissibly ambiguous as to which laws apply. For example, Section 6 of the Arbitration Agreement provides, "[t]o the extent possible *under your local law*, both you and the Company agree to arbitrate any and all disputes or claims out of or relating to this Agreement[.]" (Emphasis added.) While Section 26 of the TOS provides for a "Choice of Law[,]" which reads that "the relationship between you and Arlo will be governed by the laws of the State of California without regard to its conflict of law provisions[,]" Arbitration Agreement §26, the inconsistencies between Section 6 and Section 26 result in conflicting choice-of-law provisions, which render it impossible for a consumer to understand the Arbitration Agreement and Class Action Waiver;

(b)    compounding this, the TOS are void of any terms that serve to guide Plaintiff or any other Class member in determining whether Judicial Arbitration and Mediation Services, Inc. ("JAMS") or the American Arbitration Association ("AAA") will host an arbitration proceeding. *See* Arbitration Agreement §6. Specifically, the TOS provides:

> The arbitration will be governed and administered by the Streamlined Arbitration Rules and Procedures of Judicial Arbitration and Mediation Services, Inc. ("JAMS") then in effect, by one commercial arbitrator with substantial experience in resolving intellectual property and consumer contract disputes, who will be selected from the appropriate list of JAMS arbitrators in accordance with the Streamlined Arbitration Rules and Procedures of JAMS. ***To the extent JAMS is not available in your state, the arbitration will be governed and administered by the American Arbitration Association Consumer Arbitration Rules***.

Arbitration Agreement §6 (emphasis added). Thus, for a consumer to determine which arbitration company would host his or her arbitration proceeding, the consumer would both need to research whether JAMS has an office in his or her "state," and whether "state" means the state in which the

consumer lives or the state where the consumer purchased the Product. To illustrate this problem, Plaintiff purchased the Product in one state (Illinois), and now lives in another state (Texas). Without a way to answer the questions of which "state" would host the arbitration, and whether JAMS or AAA would govern an arbitration, the Arbitration Agreement and Class Action Waiver are impermissibly vague, unconscionable, and unenforceable;

(c)    Defendant failed to provide either the JAMS or AAA rules and procedures to Plaintiff and Class members in a way that made it apparent that they would be assenting to those very rules and terms, or what those rules and terms are;

(d)    the Arbitration Agreement is comprised of provisions that are scattered and hidden throughout the TOS and, thus, constructive notice to Plaintiff and Class members as to what was being agreed to is insufficient;

(e)    the Class Action Waiver is interwoven into the Arbitration Agreement and, thus, it cannot be severed from the Arbitration Agreement or enforced; and

(f)    conflicting language between the Preamble and Section 1 of the TOS makes it uncertain whether the Arbitration Agreement contained in the TOS is even applicable to the instant dispute as it is unclear even if state law, JAMS rules, and/or AAA rules apply when the purchase was made, while the services were being rendered, or when the announcement and cessation of the provision of the 7-Day Cloud Storage took place.

107.    To the extent Plaintiff's claims are covered by the TOS, purporting to mandate arbitration, the Arbitration Agreement and Class Action Waiver are unenforceable as they contain ambiguous, poorly drafted language and unconscionable terms in violation of federal and state law, and public policy, and are not severable from each other.

108.    Therefore, the Court should enter a declaratory judgment finding that the Arbitration Agreement and Class Action Waiver are null, void, and unenforceable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays for judgment against Defendant as to each and every count, including:

CLASS ACTION COMPLAINT

A.      An order declaring this action to be a proper class action, appointing Plaintiff and his counsel to represent the Class, and requiring Defendant to bear the costs of class notice;

B.      An order enjoining Defendant from effecting its EOL Policy and reducing or making unavailable the 7-Day Free Cloud Storage feature for the Products;

C.      An order enjoining Defendant from selling the Products until full disclosure of its intentions and/or policy reducing or making unavailable the 7-Day Free Cloud Storage feature appears on all packaging;

D.      An order enjoining Defendant from selling the Products in any manner suggesting or implying that the cloud storage feature is free, provided without a contract or subscription, provided on a rolling basis, or will never expire;

E.      An order requiring Defendant to engage in a corrective advertising campaign and engage in any further necessary affirmative injunctive relief;

F.      An order awarding declaratory relief, and any further retrospective or prospective injunctive relief permitted by law or equity, including enjoining Defendant from continuing the unlawful practices alleged herein, and injunctive relief to remedy Defendant's past conduct;

G.      An order requiring Defendant to pay restitution to restore all funds acquired by means of any act or practice declared by this Court to be an unlawful, unfair, or fraudulent business act or practice, untrue or misleading advertising, or a violation of law, plus pre- and post-judgment interest thereon;

H.      An order requiring Defendant to disgorge or return all monies, revenues, and profits obtained by means of any wrongful or unlawful act or practice;

I.       An order requiring Defendant to pay all actual and statutory damages permitted under the counts alleged herein, including under CLRA §1780(a)(1), in an amount to be determined by this Court;

J.      An order requiring Defendant to pay punitive damages on any count so allowable;

K.      An order declaring that Defendant's Arbitration Agreement and Class Action Waiver in its TOS are unconscionable, unenforceable, and not severable from each other;

L.      An order awarding attorneys' fees and costs to Plaintiff and the Class; and

CLASS ACTION COMPLAINT                                                                     - 28 -

1         M.     An order providing for all other such equitable relief as may be just and proper.

2    **JURY DEMAND**

3        Plaintiff hereby demands a trial by jury on all issues so triable.

4    DATED:  February 6, 2023               ROBBINS GELLER RUDMAN & DOWD LLP
NICOLLE BRITO (333130)

5                                   STUART A. DAVIDSON*
ALEXANDER C. COHEN*

6                                   ANNY MARTIN*

7

8                                   */s/ Nicolle Brito*
                               Nicolle Brito

9

10                                  225 NE Mizner Boulevard, Suite 720
Boca Raton, FL  33432
Telephone:  561/750-3000

11                                  561/750-3364 (fax)
nbrito@rgrdlaw.com

12                                  sdavidson@rgrdlaw.com
acohen@rgrdlaw.com

13                                  amartin@rgrdlaw.com

14                                  LOCKRIDGE GRINDAL NAUEN P.L.L.P.
ROBERT K. SHELQUIST*

15                                  REBECCA A. PETERSON (241858)
KRISTA K. FREIER*

16                                  DEVELYN J. MISTRIOTTI*
100 Washington Avenue South, Suite 2200

17                                  Minneapolis, MN  55401
Telephone:  612/339-6900

18                                  612/339-0981 (fax)
rkshelquist@locklaw.com

19                                  rpeterson@locklaw.com
kfreier@locklaw.com

20                                  dmistriotti@locklaw.com

21                                  Attorneys for Plaintiff

22                                  * *Pro hac vice* application forthcoming

23

24

25

26

27

28

CLASS ACTION COMPLAINT                               - 29 -

# EXHIBIT A

1

2

3

4

5

6

7          UNITED STATES DISTRICT COURT

8          NORTHERN DISTRICT OF CALIFORNIA

9                  SAN JOSE DIVISION

10

HENRY CARTER, Individually and on Behalf )    Case No. _____
11   of All Others Similarly Situated,              )
                                              )    CLASS ACTION
12                          Plaintiff,          )
                                              )    DECLARATION OF HENRY CARTER
13          vs.                                )    PURSUANT TO CAL. CIV. CODE §1780(d)
                                              )
14   ARLO TECHNOLOGIES INC.,                   )
                                              )
15                          Defendant.         )
                                              )
16

17

18

19

20

21

22

23

24

25

26

27

28

1    I, Henry Carter, declare as follows:

2         1.    I am the Plaintiff in the above-styled action, and if called as a witness, I could and

3    would competently testify regarding all facts within my personal knowledge.

4         2.    I am making this declaration pursuant to California Civil Code §1780(d).

5         3.    I understand that the Complaint that my attorneys filed on my behalf, and on

6    behalf of those similarly situated, includes claims against Arlo Technologies, Inc. ("Defendant")

7    for violations of the California Consumer Legal Remedies Act, California Civil Code §1750, *et*

8    *seq.*

9         4.    My Attorneys filed this action in the Northern District of California because

10   Defendant resides in Santa Clara County, and based upon my belief, Defendant conducts

11   substantial business within this Federal Judicial District.  Upon information and belief, this

12   Federal Judicial District is a proper place for a trial of this action.

13        5.    I declare under penalty of perjury under the laws of the United States of America

14   that the foregoing is true and correct.

15        Executed this 4th day of February, 2023, in Travis County, Texas.

16

17                                                        _____

18                                                               Henry Carter

19

20

21

22

23

24

25

26

27

28

DECL. OF PLAINTIFF PER CLRA §1750(d)                                           - 2 -